**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sean L. Hargrow, | ) | No. 03-0642-PHX-DGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Federal Express Corporation, a Delaware corporation doing business in Arizona; John and Jane Does I-X; Black Corporation I-X; White Limited Liability Companies I-X, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court are Defendants' motion for summary judgment and motion to strike. Docs. ##53, 63. For the reasons set forth below, the Court will grant in part and deny in part Defendants' motion for summary judgment and deny Defendants' motion to strike as moot.

**I. Legal Standard for Summary Judgment.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material and

1 "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly
2 preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
3 248 (1986); *see Jesinger*, 24 F.3d at 1130. Similarly, to preclude summary judgment the
4 dispute must be genuine, that is, the evidence must be "such that a reasonable jury could
5 return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

6 **II. Timing.**

7 Defendants argue that some of Plaintiff's Title VII claims and all of Plaintiff's claims
8 under the Americans with Disabilities Act ("ADA") are time-barred. Doc. #53. Title VII
9 requires a plaintiff raising claims of discrete discriminatory or retaliatory acts to file his
10 EEOC charge within 300 days of the acts. 42 U.S.C. § 2000e-5(e)(1); *see Nat'l Railroad*
11 *Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). In addition, a Title VII plaintiff must
12 bring a civil action within 90 days after receipt of the EEOC notice to sue. 42 U.S.C. § 2000e-
13 5(f)(1); Doc. #1, Ex. 1. Plaintiff's failure to file a timely complaint forfeits his right to bring
14 a claim at a later time. *Id.* These procedural requirements of Title VII apply to the ADA.
15 42 U.S.C. 12117(a).

16 The time requirements for hostile work environment claims are less stringent than
17 the requirements for claims of discrete discriminatory acts because hostile work
18 environment claims are "composed of a series of separate acts that collectively constitute
19 one 'unlawful employment practice.'" *Morgan*, 536 U.S. at 117 (citation omitted). Hostile
20 work environment claims "will not be time barred so long as all acts which constitute the
21 claim are part of the same unlawful employment practice and at least one act falls within the
22 time period." *Id.* at 122.

23 Plaintiff filed his first EEOC charge on May 24 and his second on September 16,
24 2002. Docs. ##53, 54. Based on the 300-day limitation period described above, Plaintiff
25 may not recover for any discrete events of race discrimination or retaliation under Title VII
26 that occurred before November 20, 2001. Additionally, to the extent Plaintiff failed to file
27 a complaint within 90-days of his receipt of his notice of right to sue, claims addressed in
28

the notice are also time barred. These time limitations do not apply to Plaintiff's 42 U.S.C. § 1981 claims. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 169 (2002).[1]

Defendants argue that all of Plaintiff's ADA claims are time-barred because he received his third EEOC right to sue letter on September 23, 2003 and failed to file suit or amend his complaint within 90 days. Doc. #53. Even if the Court assumes that the third EEOC charge raised ADA issues,[2] Plaintiff's original complaint, filed on April 4, 2003, also asserted ADA claims and was on file with the Court before the end of the 90-day period. Doc. #1. Thus, the Court cannot conclude that Plaintiff failed to assert his ADA claims in this Court during 90-day period.[3]

The following claims survive the time bar and will be addressed below: Plaintiff's ADA, Employment Protection Act, and § 1981 and Title VII hostile work environment claims. Plaintiff's § 1981 disparate treatment and retaliation claims also survive, as do his Title VII disparate treatment and retaliation claims with regard to events after November 20, 2001.[4]

---

[1] The Court will use the November 20, 2001 date for the 300-day time bar because it is 300 days before Plaintiff filed his second EEOC charge on September 16, 2002. Plaintiff filed an earlier EEOC charge on May 24, 2002, but he failed to bring this lawsuit within 90 days of the June 19, 2002 right to sue notice that was issued in response to that charge. As a result, the first EEOC charge did not preserve any claims and the Court will not use it for purposes of calculating the 300-day bar date.

[2] The parties failed to provide the Court with any of the EEOC charges filed by Plaintiff. That omission has made the Court's task more difficult, but will not prevent a ruling on Defendants' motion.

[3] Plaintiff's ADA claims might not have been exhausted when they were first included in the April 4, 2003 complaint (the Court cannot tell because the parties have not provided the first EEOC charge), but Defendants do not seek relief on this ground.

[4] Plaintiff requests equitable tolling of the limitations period. Doc. #56. Equitable tolling is granted only in limited situations, and "courts have been generally unforgiving . . . when a late filing is due to claimants' failure to exercise due diligence in preserving his legal rights." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1996). Because

**III. ADA Claims – Counts I and II.**

To establish a prima facie case of discrimination under the ADA, Plaintiff must show that he (1) has a disability, (2) is a qualified individual, and (3) suffered an adverse employment action because of his disability. *See Snead v. Metropolitan Property & Casualty Co.,* 237 F.3d 1080, 1087 (9th Cir. 2001). Whether Plaintiff's condition constitutes a disability under 42 U.S.C. § 12102(2)(A) involves three inquiries: (1) whether his condition is a physical or mental impairment, (2) whether he is limited in a major life activity, and (3) whether the impairment substantially limits the identified major life activity. *See Bragdon v. Abbott,* 524 U.S. 624, 631 (1998); *Wong v. Regents of the University of California*, 410 F.3d 1052, 1063 (9th Cir. 2003).

Defendants assert that Plaintiff cannot establish a prima facie case because he is not disabled as defined by the ADA. Doc. #53. They argue that Plaintiff's ankle injury did not substantially limit him in a major life activity. Doc. #53. Plaintiff's response does not address this argument or produce any facts that would support a jury finding that Plaintiff's injury imposed a substantial limitation on a major life activity. *See* Doc. #56.

A party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Summary judgment must be granted if Plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [Plaintiff's] case, and on which [Plaintiff] will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322-23. Because Plaintiff failed to produce evidence that his injury substantially limited him in a major life activity, summary judgment will be granted on his ADA claims.

---

Plaintiff offers no explanation for his failure to file within the statutory period, the Court cannot conclude that equitable tolling would be appropriate.

- 4 -

**IV. Employment Protection Act – Count III.**

The Arizona Employment Protection Act prohibits an employer from terminating an employee in retaliation for exercising his rights to workers' compensation benefits. A.R.S. § 23-1501(3)(c)(iii). Plaintiff must show he was terminated because he filed a workers' compensation claim or that his claim was a "substantial factor" in his termination. *See Thompson v. Better-Bilt Aluminum Prod. Co.,* 927 P.2d 781, 787 (Ariz. Ct. App. 1996).

Defendants argues that Plaintiff can offer no evidence to support his claim of retaliatory discharge for filing a workers compensation claim, Doc. #53, and Plaintiff produces no evidence to rebut this argument. Because Plaintiff has failed to present evidence that his termination was "because of" or "substantially related to" the filing of his worker's compensation claim, summary judgment will be granted. *Celotex,* 477 U.S. at 322-24.

**V. Title VII and § 1981 Hostile Work Environment Claim – Counts IV and VII.**

To prevail on a Title VII hostile work environment claim, Plaintiff must show that (1) he was subjected to verbal or physical conduct of a racial nature, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). To determine whether the conduct was sufficiently severe or pervasive, courts look at all the circumstances, "including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998); *Vasquez*, 349 F.3d at 642; *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) ("We use a totality of the circumstances test to determine whether a plaintiff's allegations make out a colorable claim of hostile work environment.) These Title VII legal standards also apply to § 1981 actions. *See Manatt v. Bank of America, NA,* 339 F.3d 792, 797 (9th Cir. 2003).

1 Defendants argue that summary judgment is proper because the alleged misconduct 2 does not constitute severe or pervasive racial harassment. Doc. #53. Again, Plaintiff is 3 silent in his response. He fails to respond to Defendants' argument by producing evidence 4 in support of his hostile work environment claim. The Court accordingly will grant 5 summary judgment. *Celotex,* 477 U.S. at 322-24.

## V. Disparate Treatment Claim under Title VII and § 1981 – Counts V & VIII.

### A. Legal Standard.

To show disparate treatment, Plaintiff must first establish a prima facie case of discrimination. *Vasquez*, 349 F.3d at 640. He must show that (1) he belongs to a protected class, (2) he was qualified for the position, (3) he was subjected to an adverse employment action, and (4) non-minority employees with qualifications similar to his were treated more favorably. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir. 1998).

"If the plaintiff establishes a prima facie case, the burden of production – but not persuasion – then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir. 2002) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)). If the employer sufficiently articulates a nondiscriminatory reason, Plaintiff "must produce evidence in addition to that which was sufficient for [his] prima facie case in order to rebut the [employer's] showing." *Godwin*, 150 F.3d at 1220 (citing *Wallis*, 26 F.3d at 890).

### B. Plaintiff's Prima Facie Disparate Treatment Claim.

Defendants do not dispute that Plaintiff satisfies the first two elements of his prima facie case. Doc. #53. The issues to be addressed by the Court, therefore, are whether he was subjected to an adverse employment action and whether similarly situated non-minority employees were treated more favorably.

#### 1. Adverse Employment Action.

Defendants argue that the complained-of actions do not constitute adverse employment actions. Plaintiff responds with a list of the "numerous adverse employment

1 actions" he has suffered at the hands of Defendants, including two written reprimands, Tim
2 Christensen calling him "boy," Kevin McHugh referring to him as the "black one," Bob
3 Gammin yelling and treating him with disrespect, denial of Plaintiff's request for time off to
4 help his mother move, the assignment of overtime hours to Mike Holliday, Defendants'
5 failure to give him a "Bravo Zulu" commendation award, and Defendants' failure to
6 accommodate his work scheduling requests. Doc. #56. Plaintiff cites no case law to
7 support his claim that these constitute adverse employment actions.[5]

8 The Ninth Circuit has held that "not every employment decision amounts to an
9 adverse employment action," explaining that "only non-trivial employment actions that
10 would deter reasonable employees from complaining about Title VII violations" are
11 actionable. *Brooks*, 214 F.3d at1092; *Vasquez*, 349 F.3d at 651. Termination, negative
12 employment references, undeserved negative performance reviews, and denial of
13 promotions qualify as adverse employment actions. *See Brooks,* 214 F.3d at 1093; *Yartzoff*
14 *v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987). In contrast, "mere inconveniences or an
15 alteration of job responsibilities" do not qualify. *Sanchez v. Denver Pub. Schs.,* 164 F.3d
16 527, 532 (10th Cir. 1998). Likewise, stray remarks, unrealized threats, and tense personal
17 relationships are not actionable. *See Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1473, 1381 (10th
18 Cir. 1994); *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990); *Summar v.*
19 *Potter*, 355 F.Supp.3d 1046 (D. Alaska.2005) ("Badmouthing" an employee, when it is not
20 in the context of a job reference, is not an adverse employment action).

---

24 [5] Some of these claims are time-barred under Title VII because they occurred before
25 November 20, 2001. These include (1) the incident involving Tim Christensen, (2) the
comment made by Kevin McHugh, (3) Plaintiff's request to adjust his schedule to attend
26 school, (4) Plaintiff's request for time off to help his mother move, (5) Plaintiff's receipt of
27 a warning letter for failing to pick up a package, and (5) the assignment of overtime hours
to Mike Holliday. Doc. #53. The Court has elected to discuss them in this section of the
28 order because they are not time-barred under § 1981.

The Court finds that only Plaintiff's written reprimands and termination qualify as adverse employment actions. The rest of the alleged misconduct simply does not rise to the level of adverse employment actions.

Having reached this conclusion, the Court must briefly revisit its time-bar discussion. As addressed above, Plaintiff may not assert a Title VII claim for any discrete acts of alleged race discrimination or retaliation that occurred before November 20, 2001. Section 1981 does not share this time-bar. As a result, Plaintiff's written reprimand for failing to pick up a customer package – which occurred before November 20, 2001 – is not actionable under Title VII, but may be asserted under § 1981. Plaintiff's termination and written reprimand for the fueling error occurred after this date and therefore are actionable under both Title VII and § 1981. All three of these claims will be addressed below.

### 2. Similarly Situated Non-minority Coworkers.

To be similarly situated, coworkers must have been dealt with by the same supervisor, subjected to the same standards, and engaged in similar conduct. *See Vasquez*, 349 F.3d at 641. If plaintiff fails to identify similarly situated, non-minority employees who were treated more favorably, he fails to satisfy the fourth element of his prima facie case. *See McDonnell Douglas*, 411 U.S. at 802.

First, Plaintiff claims he was issued a written reprimand for his refusal to pick up a customer package, while his co-workers Zappia (white) and Gooh (Asian) were not disciplined when they refused to meet Plaintiff for an internal pick-up. Doc. #56. Defendants argue that there is no evidence that Zappia, Gooh, and Plaintiff were subject to the same supervisor. Doc. #53. Plaintiff contends that all three employees were given direct orders by the same dispatcher and that a dispatcher is essentially "de facto management," Doc. #56, but Plaintiff provides no evidence to supports his contention that dispatchers are "de facto management" or that he and the others were subject to the same supervisor. *See Vasquez,* 349 F.3d at 642 (another employee cannot be similarly situated to a plaintiff unless the other employee had the same supervisor.) Because Plaintiff has

1   failed to produce evidence in support of the "similarly situated" prong of his prima facie
2   case, his disparate treatment claim based on the first written reprimand must fail under §
3   1981. *Celotex,* 477 U.S. at 322-24. As noted above, this claim is time barred under Title VII.
4        Second, Plaintiff was reprimanded by Supervisor Fitzgerald for a fueling error.
5   Doc. #53. Plaintiff complains that he was disciplined more harshly than employees Diane
6   LaMonica and Ron Bennett, each of whom committed the same fueling error. Doc #56.
7   Defendants argue that employees LaMonica or Bennett are not similarly situated to
8   Plaintiff because LaMonica, Bennett, and Plaintiff were all disciplined by different
9   supervisors. Doc. #53. LaMonica worked in the Texas division of Federal Express at the
10  time of her fueling error and was subject to a different supervisor and managing director.
11  *Id.* Bennett was disciplined by Supervisor Christensen for his error, while Plaintiff was
12  disciplined by Supervisor Fitzgerald. *Id.* In response, Plaintiff offers no facts or other
13  contradicting evidence to show that LaMonica and Bennett were subject to the same
14  supervisor. Therefore, Plaintiff's Title VII and § 1981 disparate treatment claims for his
15  second written reprimand must also fail. *Celotex,* 477 U.S. at 322-24.
16       Finally, Plaintiff's unlawful termination claim fails because he does not respond to
17  Defendants' argument that similarly situated individuals were not treated more favorably
18  with regard to termination. Doc. #53. Because he has failed to come forward with evidence
19  to support the fourth element of his prima facie case, summary judgment will be granted on
20  his Title VII and § 1981 termination claims. *Celotex,* 477 U.S. at 322-24.
21  **VI. Retaliation – Counts VI & IX.**
22       To establish a prima facie case of retaliation, Plaintiff must establish that (1) he
23  undertook protected activity, (2) his employer subjected him to an adverse employment
24  action, and (3) there is a causal link between those two events. *Vasquez*, 349. F.3d at 650.
25  Plaintiff bears the initial burden of establishing a prima facie case by a preponderance of
26  the evidence. *Id.*
27
28

As noted above, only Plaintiff's written reprimands and termination qualify as adverse employment actions. The Court accordingly will consider Plaintiff's retaliation claims only with respect to these actions.

Plaintiff engaged in protected activity by filing two internal discrimination complaints and three EEOC charges. Defendants argue that Plaintiff cannot show the required causal connection between these activities and the alleged adverse employment actions. Doc. #53. Defendants also argue that Plaintiff cannot show pretext because he lacks evidence from which a reasonable jury could infer retaliation. *Id.* Plaintiff argues that the close proximity in time between his protected activity and his subsequent reprimands and termination are sufficient evidence of causation and pretext. Doc. #56.

In *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001), the Supreme Court stated that temporal proximity between the defendant's knowledge of protected activity and an adverse employment action can constitute sufficient evidence of causality to establish a prima facie case, but only if the temporal proximity is "very close." The Supreme Court upheld the district court's grant of summary judgment for the defendant because the 20-month period between the defendant's knowledge of the protected activity and the adverse employment actions "suggest[ed] by itself, no causality at all." *Id.* at 274.

In this case, Plaintiff's retaliation claim based on his written reprimand for failing to pick up a customer package (which remains as a retaliation claim under § 1981 only) cannot survive summary judgment. The written reprimand occurred before Plaintiff's first internal complaint and before his EEOC and court filings, and therefore cannot be said to have been in retaliation for these protected activities.

With respect to the written reprimand based on the fueling incident, Plaintiff engaged in the protected activity of filing his internal complaints of discrimination in July and August of 2001, and Defendants issued a written reprimand to Plaintiff in January 2002. Doc. #53. Thus, Defendants had knowledge of the protected activity five months before Plaintiff was reprimanded. The Court finds that the time lapse between Defendant's

1  knowledge of the protected activity and the decision to issue a written reprimand is simply
2  too long to constitute sufficient evidence of causation to establish a prima facie case of
3  retaliation. *Compare Breeden,* 532 U.S. at 273-74 (20-month lapse, by itself, suggests no
4  causality); *Villiarimo*, 281 F.3d at 1065 (18-month lapse is too long to give rise to an
5  inference of causation) *with Stegall v. Citadel Broad. Co.,* 350 F.3d 1061, 1069 (9th Cir.
6  2004) (four days sufficient to infer causation). *See also Sauzek v. Exxon Coal USA,* 202
7  F.3d 913, 918-19 (7th Cir. 2000) (three-month interval insufficient for causation). As a result,
8  Plaintiff's retaliation claim based on his second reprimand must fail.

9        Only one month elapsed between Plaintiff's filing of his federal complaint on April
10 4, 2003 and his termination on May 12, 2003. *Id.* Under Ninth Circuit law, this evidence is
11 sufficient to defeat summary judgment. *See Passantino v. Johnson & Johnson Consumer*
12 *Prods., Inc.,* 202 F.3d 493, 507 (9th Cir. 2000) ("[W]e have held that evidence based on timing
13 can be sufficient to let the issue go to the jury, even in the face of alternative reasons
14 proffered by the defendant."); *Yartzoff*, 809 F.2d at 1376 (sufficient evidence of causation
15 existed where adverse employment action occurred less than three months after protected
16 activity); *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 731-32 (9th Cir. 1986) (sufficient
17 evidence of causation existed where adverse employment action occurred less than two
18 months after protected activity).

19 **VII. Summary.**

20       The Court will grant summary judgment on the following claims: all Title VII claims
21 arising before November 20, 2001 (time-barred); all ADA claims (failure to produce
22 evidence of a substantial limitation in a major life activity); Employment Protection Act
23 (failure to produce evidence of causal connection to workers compensation claim); Title
24 VII and § 1981 hostile work environment claims (failure to produce evidence of severe or
25 pervasive conduct); Title VII and § 1981 disparate treatment claims (failure to show an
26 adverse employment action or to produce evidence that similarly situated non-minority
27 employees were treated more favorably); and the retaliation claim based on the written
28

reprimands (first reprimand time-barred under Title VII, and failure to establish a causal connection on first and second reprimands under Title VII and § 1981). The Court will deny summary judgment with respect to Plaintiff's claim for retaliation under Title VII and § 1981 based on Plaintiff's termination.

**VIII. Motion to Strike.**

Because the Court did not rely on the exhibits Defendants seek to strike, the Court will deny their motion to strike as moot.

**IT IS ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. # 53) is **granted in part** and **denied in part** as set forth above.
2. Defendants' Motion to Strike Certain Exhibits and Portions of Plaintiff's Statement of Disputed Facts (Doc. #63) is **denied** as moot.
3. The Court will schedule a final pretrial conference by separate order.

DATED this 2nd day of February, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge