**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean L. Hargrow,             Plaintiff, vs. Federal Express Corporation, a Delaware corporation doing business in Arizona; John and Jane Does I-X; Black Corporation I-X; White Limited Liability Companies I-X,             Defendants. | No. 03-0642-PHX-DGC **ORDER** |

Defendant has filed a motion for reconsideration. Doc. #76. At the Court's request, Plaintiff has filed a response. Doc. #83. The Court has discretion to reconsider and vacate its order granting summary judgment. *See Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip. Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Defendant argues that the Court erred in denying its motion for summary judgment with respect to Plaintiff's retaliation claim based on his termination. Defendant admits that Plaintiff filed his federal complaint on April 4, 2003, and was discharged on May 12, 2003, but contends that it was not aware of the complaint when the discharge occurred. In support

1 of this argument, Defendant cites the Court's docket, noting that Plaintiff's return of service
2 was not filed until February 11, 2004, and attaches portions of the deposition of Ms.
3 Montgomery and an affidavit from Ms. Beard.

4     Defendant did not make this argument during the summary judgment briefing. In its
5 motion for summary judgment, Defendant argued that Plaintiff's termination could not be
6 causally connected to his first or second EEOC charges because it occurred eight months to
7 one year after those charges. Doc. #53 at 16. Defendant also argued that there was no
8 evidence of any retaliatory animus on the part of Cheryl Montgomery nor any evidence that
9 she did not honestly believe that termination was consistent with the policy of Defendant.
10 *Id.* Defendant did not make any argument regarding Plaintiff's filing of his federal complaint
11 or the date on which Defendant learned of the complaint.

12     In response to Defendant's motion, Plaintiff specifically argued that "Defendant
13 terminated Hargrow's employment a little more than a month after Hargrow filed suit against
14 Defendant. The temporal proximity shows Defendant retaliated against Hargrow in violation
15 of Title VII, § 1981, the ADA, and in violation of the Employment Protection Act."
16 Doc. #56 at 15. Defendant's reply memorandum did not address this argument. Doc. #61
17 at 7-8.

18     As noted above, motions for reconsideration "are not the place for parties to make new
19 arguments not raised in their original briefs." *Northwest Acceptance*, 841 F.2d at 925-26.
20 Nor are they the place for parties to submit new evidence as Defendant has done in citing the
21 Court's docket and attaching the deposition of Ms. Wilson and the affidavit of Ms. Beard.
22 For these reasons, the Court will deny the motion for reconsideration.

23     Moreover, if the Court were to consider Defendant's new arguments and evidence,
24 it would feel obligated to consider the new evidence submitted in Plaintiff's response to the
25 motion for reconsideration. Plaintiff asserts in that evidence that he informed Defendant of
26 the filing of his complaint. This assertion, although disputed by Defendant, would create a
27 factual issue that would preclude summary judgment in Defendant's favor.

28

- 2 -

1  **IT IS HEREBY ORDERED** that Defendant's motion for reconsideration (Doc, #76)
2 is **denied**.
3  The Court shall re-establish the final pretrial conference dates by separate order.
4  DATED this 9th day of May, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge