IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Hargrow,<br><br>    Plaintiff,<br><br>vs.<br><br>Federal Express Corporation,<br><br>    Defendant. | No. CV-03-642-PHX-DGC<br><br>**ORDER TO SHOW CAUSE** |

This matter arises on settlement conference ordered by Judge Edward C. Voss on June 30, 2006 pursuant to Fed.R.Civ.P. 16(a)(5), 28 U.S.C. § 473(b)(5) and the referral by the trial judge, the Hon. David G. Campbell, United States District Judge, on June 15, 2006. See Settlement Conference Order and minute order (docs. #93 and #92 respectively). Plaintiff Sean Hargrow was present and represented by Mishka Marshall and Defendant was represented by Mary Beard. The settlement conference was ordered to begin on August 2, 2006 at 9:00 a.m. and was scheduled all day.

The court's Settlement Conference Order (doc. #93) provided in relevant part, who was required to be present on behalf of Defendant:

> A corporation, association, partnership, business entity, organization, governmental agency, or political body shall appear through a representative having binding settlement authority in addition to counsel.

1    A United States magistrate judge has the authority to enter appropriate sanctions for
2 the violation of its settlement conference order. Pitman v. Brinker International, Inc., 2003
3 WL 23353478, 1 (D. Ariz. 2003) ("The Settlement Conference Order was clear, even
4 emphatic.  It notes at the outset that it was "mandating" that the parties' settlement
5 representatives be physically present at the settlement conference, that 'availability by
6 telephone' would not suffice, and that the parties' authorized representatives could be excused
7 only 'by formal motion and Order issued prior to the subject settlement conference for good
8 cause shown.'"); Maisonville v. F2 America, Inc., 902 F.2d 746 (9th Cir. 1989) (Rule 11
9 sanctions are nondispositive and magistrate judge has authority to impose such sanctions),
10 cert. denied, 498 U.S. 1025, 111 S.Ct. 674, 112 L.Ed.2d 666 (1991); Grimes v. City and
11 County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) ("We hold that magistrates may
12 impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to
13 enforce compliance with a valid discovery order. . . The district court did not err in affirming
14 the magistrate's $85,000 sanction of the City.").

15    The court addressed counsel for Defendant in private.  The first question was "where
16 is the representative for Fed Ex with authority to settle the case."  Ms. Beard advised that she
17 was in-house counsel and that she had full authority to settle the case.  Settlement
18 commenced. Almost immediately, it became clear that Ms. Beard had only limited authority.
19 Her limit to settle the case was $15,000.  Through the mediation process, Ms. Beard felt that
20 settlement in an amount beyond her authority should be considered. She initiated a lengthy
21 telephonic conference with counsel in Tennessee who was in a position to increase the
22 settlement authority.  After several exchanges, including one in which the court was
23 involved, counsel in Tennessee declined to increase Ms. Beard's authority.

24    Clearly, Federal Express did not comply with the court's order requiring that "a
25 corporation. . . shall appear through a representative having binding settlement authority in
26 addition to counsel."

27    IT IS ORDERED setting an Order to Show Cause hearing for Federal Express
28 Corporation and attorney Mary Beard to physically appear before the undersigned on August

1  22, 2006 at 9:00 a.m. in Courtroom 304, Sandra Day O'Connor U.S. Courthouse, 401 W.
2  Washington St., Phoenix, Arizona and show cause why they, individually or collectively,
3  should not be sanctioned pursuant to Rule 16(f), Rule 37(b)(2)(B), (C), and (D) and/or be
4  held in contempt of court pursuant to Title 18 U.S.C. 401 for failing to comply with the
5  court's Settlement Conference Order (doc. #93).

6  DATED this 17th day of August, 2006.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge