**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean L. Hargrow,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Federal Express Corporation, a Delaware corporation doing business in Arizona; John and Jane Does I-X; Black Corporation I-X; White Limited Liability Companies I-X,<br><br>　　　　Defendants. | No. CV 03-0642-PHX-DGC<br><br>**ORDER** |

On May 30, 2006, the parties filed a stipulation to have this matter referred to a magistrate judge for a settlement conference. Dkt. #90. The Court granted the parties' request and ordered that they appear before Magistrate Judge Edward C. Voss. Dkt. ##91, 92. Judge Voss entered an order on July 30, 2006, regarding the settlement conference. Dkt. #93. The order stated that Defendant was required to "appear through a representative having binding settlement authority in addition to counsel." *Id.*

The settlement conference was held on August 2, 2006. Dkt. #94. The case did not settle. As a result of Defendant's conduct during the settlement proceeding, Judge Voss issued an Order to Show Cause why sanctions should not be imposed for Defendant's failure to comply with his June 30, 2006 order. Dkt. #96. A hearing was held on August 16, 2006. Dkt. #99. The next day, Judge Voss entered an order imposing sanctions of $2,000 against Defendant for its failure to "appear through a representative having binding settlement

1  authority in addition to counsel" as required in his previous order. Dkt. ##92, 104. Judge
2  Voss found that Defendant's counsel did not have binding settlement authority when she
3  appeared at the settlement conference, and that Defendant failed to provide a representative
4  with binding settlement authority "in addition to counsel." Dkt. #104.

5  Defendant has now filed an objection to Judge Voss' order and a request for
6  reconsideration by this Court. Dkt. #106. Plaintiff has responded and Defendant has replied.
7  Dkt. ##110, 113. The Court may set aside Judge Voss' sanction order if it is clearly
8  erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

9  On the basis of his participation in the settlement conference and the show-cause
10 hearing, Judge Voss found that Defendant failed to appear at the settlement conference with
11 a representative having binding settlement authority. Although Defendant's in-house counsel
12 assured Judge Voss that she had full settlement authority, it became apparent to Judge Voss
13 during the course of the conference that this was not the case. Counsel was required to
14 contact her superior to seek additional settlement authority.

15 The Court cannot conclude that Judge Voss's sanctions order is clearly erroneous or
16 contrary to law. It is undisputed that Defendant did not appear through a representative "in
17 addition to counsel" as required by Judge Voss's order. Dkt. #92. Moreover, in reviewing
18 the facts as presented by the parties, the Court cannot conclude that Judge Voss clearly erred
19 in finding that Defendant's in-house counsel did not appear with binding settlement authority
20 as required by his order. *Id*.

21 **IT IS ORDERED** that Defendant's Objection to the Magistrate's Order Imposing
22 Sanctions and Request for Reconsideration (Dkt. #106) is **denied**. Defendant shall pay the
23 $2,000 sanction to Plaintiff's counsel within ten days of the date of this order.

24 Dated this 3rd day of October, 2006.

25
26
27
28

_____
David G. Campbell
United States District Judge

- 2 -